UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RICHARD E. BRUNER,<br>　　　Plaintiff | Case No. 1:11-cv-484<br>Beckwith, J. |
| vs | |
| OHIO STATE DENTAL BOARD, et al,<br>　　　Defendants | REPORT AND RECOMMENDATION |

　　　　Plaintiff, a resident of Cleves, Ohio, brings this action against the Ohio State Dental Board, the Cincinnati Insurance Company, the Murphy Insurance Agency, WLW-TV, Jesse Jones, Cincinnati Children's Hospital Medical Center, the Virginia Department of Social Services, Richard E. Garriott, Jr., Ralph Ginocchio, Esq., the Law School Admissions Council, and Virginia Beach Juvenile/Domestic Relations Court Judge Debra Bryan.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

　　　　Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it

tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff's pro se complaint alleges numerous claims arising out of a disciplinary action against him by the Ohio State Dental Board and the resulting fallout in his life. His claims against the various defendants are as follows:

- Ohio State Dental Board
1. Defamation
2. Willful tampering of public records
3. Violation of Constitutional Rights
4. Intentional Interference of Business Relations
5. Conspiracy

- WLWT
1. Media Defamation/CyberSlander
2. Intentional Interference of Business Relations
3. Conspiracy
4. Violation of Patients' Rights
5. Invasion of Privacy
6. Abuse of minors

- Cincinnati Children's Hospital Medical Center
1. Defamation
2. Willful tampering of records
3. Violation of Constitutional Rights
4. Intentional Interference of Business Relations
5. Conspiracy

- Cincinnati Insurance Co.
1. Defamation
2. Willful tampering of records
3. Insurance Malpractice
4. Conspiracy

- Murphy Insurance Agency
1. Willful tampering of records/fraud
2. Insurance Malpractice

    3. Fraud
    4. Conspiracy

    • Law School Admissions Council
    1. Defamation
    2. Intentional Interference of Academic/Professional Relations
    3. Conspiracy

    • Jesse Jones (see WLWT)
    1. Defamation
    2. Violation of Patients' Rights
    3. Invasion of Privacy

    • Virginia Department of Social Services
    1. Willful tampering of Public records
    2. Intentional Interference of Spousal and Familial Relations
    3. Defamation
    4. Intentional Infliction of Emotional Distress

    • Virginia Beach Juvenile / Domestic Relations Court Judge Debra Bryan
    1. Violation of Constitutional Rights

    • Richard E. Garriott Jr., Esq.
    1. Intentional Interference of Spousal and Familial Relations
    2. Breach of Contract
    3. Legal Malpractice
    4. Intentional Infliction of Emotional Distress

    • Ralph Ginocchio, Esq.
    1. Defamation
    2. Accomplice to Forgery
    3. Accomplice to U.S. Securities Fraud
    4. Receiving illegally procured funds
    5. Legal Malpractice

The majority of plaintiff's claims are state law claims. The only federal constitutional claims he brings are against the Ohio State Dental Board (Complaint at 5), Cincinnati Children's Hospital Medical Center (Complaint at 1), the Virginia Department of Social Services (Complaint at 14), and Judge Debra Bryan (Complaint at 14). The only other seemingly federal

4

law claim is one for "Accomplice to U.S. Securities Fraud" brought against defendant Ginocchio. Plaintiff seeks monetary and injunctive relief.

Plaintiff's complaint must be dismissed because: it fails to state a *federal* claim for relief against the Ohio State Dental Board, Cincinnati Children's Hospital, Mr. Ginocchio, the Virginia Department of Social Services, and Judge Debra Bryan; the complaint seeks monetary relief from Judge Debra Bryan, a defendant who is immune from such relief; and the Court lacks subject matter jurisdiction over plaintiff's remaining state law claims.

Plaintiff's complaint alleges that defendant Ohio State Dental Board violated his constitutional rights as follows:

> The Board consistently has denied Plaintiff "Due Process" in its proceedings, abused the process acting with clear and actual malice, and the Board has also in its self-described "blind process" denied Plaintiff the right to be notified of the accusations, to confront the accuser and to retain counsel in the appeal filed, improper jurisdiction, misinterpretation of statute as to CE random audits, abuse of this process, and allowance of actual hours completed and format of courses. (Counsel Graff's opening objections, Hearing Transcripts).

(Complaint at 5).

The complaint provides no factual content or context from which the Court may reasonably infer that defendant Ohio State Dental Board violated plaintiff's due process rights. The allegations that plaintiff was denied due process, the right to be notified of accusations, and the right to confront his accusers, as well as his claims that the Board "abused the process acting with clear and actual malice," lacked jurisdiction, and misinterpreted the statute as to CE random audits, amount to legal conclusions couched as a factual allegations that fail to state a plausible claim for relief. *Twombly,* 550 U.S. at 555. The legal conclusions set forth in the complaint need not be accepted as true, and plaintiff must set forth some factual basis for his

due process claims. *Id*. He has failed to do so in this case.

Moreover, plaintiff's allegations are insufficient to state an actionable claim under 42 U.S.C. § 1983 to the extent he may be claiming he was deprived of his dental license without due process of law. In order to assert such a claim, he must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress his due process claim are inadequate. Therefore, he has failed to state a plausible procedural due process violation against defendant Ohio State Dental Board.

Plaintiff's complaint also fails to state a claim for relief against defendant Cincinnati Children's Hospital Medical Center under 42 U.S.C. § 1983. Plaintiff alleges that the Interim Director of the Division of Pediatric Dentistry at Children's Hospital rudely interrogated him about the Ohio State Dental Board charges against him and expressed that he believed plaintiff

was lying and covering up something. Plaintiff also alleges that he requested transcripts from the post-doctoral Pediatric Residency Program at Children's Hospital and was informed there was no record of plaintiff's attendance. (Complaint at 8).

To establish his claim under § 1983, a plaintiff must prove that "(1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). The complaint does not allege that defendant Cincinnati Children's Hospital was acting under color of state law. Nor does the complaint provide any indication that this defendant's actions could be construed as having been taken under color of state law. *See also Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (mere fact that Cincinnati Children's Hospital is licensed by state is insufficient to transform it into a state actor for purposes of section 1983). Also, the complaint does not provide any factual allegations from which the Court can plausibly infer that Children's Hospital Medical Center somehow violated plaintiff's constitutional rights. Therefore, the constitutional claim against this defendant should be dismissed.

Additionally, plaintiff's complaint fails to state a plausible claim for relief against defendant Ginocchio for a claim of "Accomplice to U.S. Securities Fraud." Plaintiff's complaint alleges the following:

> Defendant, Ralph Ginocchio, received and deposited a check endorsed by forgery for funds in the amount of $77,877.99 feloniously obtained by fraud (E*Trade securities and NCB statmt), forgery, (BNY Mellon check) and perjury in ex parte hearing on 20APR05 to *unilaterally* restrain access to accounts 3 days earlier, then deducted his fees in violation of Court's Order. He refused to return or reasonably divide the E*Trade account funds he held or portion he unilaterally dispersed.

7

(Complaint at 19-20).

The elements of a private securities fraud claim based on violations of § 10(b) of the Security and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 are:  "'(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.'" *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. __, 131 S.Ct. 1309, 1317 (2011) (quoting *Stoneridge Investment Partners, LLC v. Scientific–Atlanta, Inc.,* 552 U.S. 148, 157 (2008)).  With respect to the second element, the Supreme Court has explained:

> A plaintiff cannot recover without proving that a defendant made a material misstatement *with an intent to deceive*—not merely innocently or negligently.  Indeed, Congress has enacted special heightened pleading requirements for the scienter element of § 10(b) fraud cases.  See 15 U.S.C. § 78u–4(b)(2) (requiring plaintiffs to "state with particularity *facts* giving rise to a strong inference that the defendant acted with the required state of mind" (emphasis added)).  As a result, unless a § 10(b) plaintiff can set forth facts in the complaint showing that it is "at least as likely as" not that the defendant acted with the relevant knowledge or intent, the claim will fail.

*Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784, 1796 (2010) (emphasis in the original and internal case citations omitted).  Here, plaintiff has alleged no facts showing he satisfies the six elements of a private securities fraud claim, let alone specific facts showing defendant Ginocchio acted with the required state of mind.  Therefore, plaintiff's federal law claim against defendant Ginocchio should be dismissed.

Lastly, plaintiff alleges constitutional law claims against the Virginia Department of Social Services and Virginia Beach Juvenile/Domestic Relations Court Judge Debra Bryan. The complaint alleges:

> Virginia Department of Social Services (VOSS) failed to provide to me notice of the trial in VBJDR Court on 8JUN2008 before J. Deborah Bryan, or to allow me an opportunity to be heard in a matter of such profound import. During this trial, my character was impugned and cast in false light.

(Complaint at 14).

Plaintiff's constitutional due process claims against defendant Virginia Department of Social Services and Judge Bryan are barred by the two year statute of limitations applicable to civil rights actions. *See Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). *See also Jones v. Bock*, 549 U.S. 199, 215 (2007) (stating that if the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim" (citing Fed. Rule Civ. Proc. 8(c)); *Watson v. Wayne County*, 90 Fed. Appx. 814, 815 (6th Cir. 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte."). The actions about which plaintiff complains occurred on or prior to June 8, 2008. The statute of limitations expired, at the latest, in June 2010. Plaintiff's complaint was not filed until July 20, 2011, after the statute of limitations expired. Therefore, plaintiff's due process claims are barred by the statute of limitations and must be dismissed.

Finally, the complaint against Judge Bryan must nevertheless be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).

Plaintiff's remaining claims all arise under state law. The Court notes that it has

9

original jurisdiction over this action because the complaint alleges causes of action under the laws and Constitution of the United States. However, the Court does not have diversity jurisdiction over plaintiff's state law claims as provided in 28 U.S.C. § 1332 because complete diversity is lacking between the parties–both plaintiff and six of the defendants reside in Ohio. For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). Because plaintiff's federal law claims should be dismissed, the Court no longer has original jurisdiction and should decline to exercise supplemental jurisdiction over the pendent state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, plaintiff's state law claims should be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's federal law claims be dismissed with prejudice.

2. The Court decline to exercise pendent jurisdiction over plaintiff's state law claims and dismiss the state law claims without prejudice to refiling in state court.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/8/2011                                         s/Karen L. Litkovitz
                                                                      Karen L. Litkovitz, Magistrate Judge
                                                                      United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD E. BRUNER,            Case No. 1:11-cv-484
     Plaintiff                               Beckwith, J.

     vs

OHIO STATE DENTAL BOARD, et al,
     Defendants

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).